No. 04-591

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 45N

BRENT M. BROWN,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 2003-208A
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Brent M. Brown, *Pro Se*, Deer Lodge, Montana

       For Respondent:

              Honorable Mike McGrath, Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

              Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  February 1, 2005

Decided:  February 22, 2005

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2      In 1996, Brent Matthew Brown pled guilty to deliberate homicide in the Eleventh Judicial District Court, Flathead County.  He was ordered to pay restitution and his sentence was enhanced based on his use of a dangerous weapon in the offense.  In 2003, Brown filed a petition for postconviction relief in the District Court.  The court dismissed the petition as procedurally barred.  Brown appeals.

¶3      On appeal, Brown argues (1) the sentencing court lacked statutory authority to impose restitution; and (2) the enhancement to his prison sentence for use of a weapon violates both his protection against double jeopardy under the United States Constitution and (3) his right to due process of law.

¶4      We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  All three issues raised by Brown are clearly barred from review under settled Montana law.  Brown's postconviction petition is time-barred by § 46-21-102, MCA (1995), which allowed him five years after his conviction became final in which to file a petition for

postconviction relief. The time-bar is jurisdictional. *Peña v. State*, 2004 MT 293, ¶ 35, 323 Mont. 347, ¶ 35, 100 P.3d 154, ¶ 35. In addition, Brown's claims could have been raised on direct appeal; his restitution and due process claims are thus procedurally barred under § 46-21-105(2), MCA. *See Peña*, ¶¶ 36-37.

¶5     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS